IN THE UNITED STATES DISTRICT COURT

FILED Nov 16 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ carolinal DEPUTY

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
OCT 3 0 2015
FILED
DOCKETED
DATE    INITIAL

UNITED STATES OF AMERICA,
 Plaintiff,

v.

Defendant. M. MENDEZ

§
§
§
§

Case No: 10CR4731-LAB

NUNC PRO TUNC
11/6/2015

## MOTION TO AMEND SENTENCE
PURSUANT TO UNITED STATES GUIDELINE AMENDMENT §2D1.1 (2014)
AND TITLE 18 U.S.C. §3582(c)2

COMES NOW, _____, acting pro-se in the above style case, and files this motion to commit sentence pursuant to United States Sentencing Guideline §2D1.1 (2014) and 1B1.10 and in support therein states the following:

Defendant asks this Honorable Court to construe this Motion liberally, since Defendant is not represented by Counsel. See Haines v. Kerner, 404 U.S. 519, 30 L Ed 2d 652, 92 S Ct. 594.

### THE GUIDELINE AMENDMENT

On November 1, 2014, United States Guideline Amendment to the "drug minus 2" guideline will become effective. This amendment is retroactively applied to criminal defendants who were sentenced for all drugs violations pursuant to United States Sentencing Guideline §2D1.1. District Court now have jurisdiction pursuant to 18 U.S.C. §3582(c)2 to decide in the first instance whether to modify a previously imposed sentence where the drug range on which they were based have subsequently been lowered.

Specifically, the United States Sentencing Commission has amended "all drug minus 2" to include this guideline amendment which reflects the revised Drug Quantity Table legislated by the United States Congress' enactment of the "Drug Minus 2" of 2014. Accordingly, the Courts may apply retroactively under 18 U.S.C. §3582(c)2 this amendment which provides that "in the case of the defendant who have been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission purusant to 28 U.S.C. §994(o), upon the motion of the defendant or the Director of the Bureau of Prisons,

or its own motion, the Court may reduce the term of imprisonment, after considering factors set forth in Section 3553 (a) to the extent that they are applicable policy statements issued by the Sentencing Commission."

STATEMENTS OF FACTUAL RECORD

Defendant/Movant respectfully moves this Honorable Court to modify the previously imposed sentence based on the following stated facts on record:

1. Federal Registration Number: 22941298
2. Place of Confinement: WASECA
3. Name of Court Sentenced: California Southern District
4. Date of Sentenced: 7-18-2011
5. Length of Sentence: currently 151 months
6. Type of Drug(s), including Criminal Code of Provision: Possession of Meth with intent to distribute & Aiding An Abetting Off/Charge 21:841(A)(1) :18:2 offense code 383
7. What was your plea?      Guilty       Not Guilty____ 5K1.1

ADDITIONAL FACTORS FOR CONSIDERATION

Furthermore, taking into account the defendant's good behavior, progress, programming and work history while incarcerated; the Movant liberally requests this Honorable Court reduce the sentence full allowable amount which generously permits a bottom of the guideline sentence. Additionally, based upon movant's remorse, growth and rehabilitation in cofluence with the other factors set forth in 3553(a), providing certainty and fairness in sentencing and reducing unwarranted sentence disparities, the movant asserts and prays the Court concurs that a bottom of the newly determined guideline is well-sufficent.

Section 3553 (a) 1 specifically directs that the court shall consider during the sentencing process " the history and characteristics of the defendant." Therefore, such matters as age, employment, family ties, good deeds and community ties, for instance, can and should be considered by this Court in fashioning a reasonable sentence. Under the same subsection of §3553, the Court is directed to consider

the "nature and circumstances of the offense" without the mandatory directives of the new advisory guidelines. Citing U.S. vs. Dillion, 560 U.S. (June 17, 2010), the Court may well be unable to depart below amended guideline range, but the Court may be leniently grant a bottom of the guideline sentence. The Court is further directed in §3553(a)(2)a to fashion a sentence "to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offenses" (B) to afford adequate deterrence to criminal code;. [and] (C) to protect the public from further crimes of the defendant;...Under Booker, each of these factors is to be separately considered by a Court as a part of the entire sentencing process.

Futhermore, §3553(a)6 directs the sentencing Court to consider "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct..." That certainly means more than calculating each defendant's guideline and simply imposing the mandated sentence. In Gall v. U.S., 522 U.S. 38 (2007), the Supreme Court ruled that a Defendant's rehabilitation maay be considered as a §3553(a)(1) factor. Respectfully submitting unto the Dillion rule, movant concedes the court can not depart below the amended guideline; however, it would be permissable for the Court to issue a bottom of the relevant guideline sentence. Thus, as a result of these rulings and in light of the U.S.S.C.'s extensive studies over two decades and the Defendant's good conduct, movant requests Court concurs a bottom of the amended guideline sentence is most justifiable.

Despite the hardship and duress experienced by movant and his/her family whole having to endure such a lengthy sentence amid a tedious and unjust era, the petitioner nevertheless liberally asks the Court's forgiveness and requests this Honorable Court to bestow mercy, compassion and justice in the matter herein.

For the aforestated reasons, Petitioner/Defendant *Marielena Mendez* moves this Honorable Court to recalculate their sentence based on the retroactive guideline amendment to 2D1.1 in this instant proceeding. The Defendant now seeks

-2-

relief pursuant to the Drug Minus 2 Retroactive Guideline Amendment. As an outside the guideline is forbidden via the U.S. v. Dillon, 560 U.S. (June 17, 2010), a botton of the guideline sentence would be in line with the §3553(a) overaching instructions to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals advanced in ¶3553(a)(2). Movsnt respectfully asks this Honorable Court to fashion a sentence that, as much as possible, avoids unwarranted disparities; and tailor a sentence which promotes both justice and respect for the law.

The defendant will deeply appreciate whatever relief that may be deemed and just and proper under the circumstances aforementioned.

The defendant has shown just cause as why this Motion be granted. Defendant prays that this Honorable Court will grant this Motion.

This 26 day of OCTOBER 2015

Respectfully Submitted,

M. Mendez

### CERTIFICATE OF SERVICE

I hereby certify that I have this day 26 of Oct 2015 placed a true and correct copy of the foregoing documents in a postage-sufficient envelope in the U.S. mail in the institutional mailbox at                to the following:

Respectfully Submitted,

M. Mendez

Notary: [signature] / 10-26-15

SARAH ANNE WHITESITT
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 30 2015

FILED
DOCKETED
DATE    INITIAL

-4-

NAME: M. Mendez REG# 22941298
FEDERAL CORRECTIONAL INSTITUTION UNIT C
P.O. BOX 1731
WASECA, MN 56093

MINNEAPOLIS MN 553
27 OCT 2015 PM 3 L



⇔22941-298⇔
Ninth Circuit
PO BOX 193939
SAN Francisco, CA 94119-3939
United States

9411939393939

CLERK, U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT
95 SEVENTH STREET
P.O. BOX 193939
SAN FRANCISCO, CA 94119-3939

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

USDC, San Diego
Southern District of California (San Diego)
880 Front Street, Suite 4290
San Diego, CA 92101

